IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE LIAS,<br><br>            Plaintiff,<br>   v.<br><br>COUNTY OF ALAMEDA, CALIFORNIA,<br>OFFICE OF COUNTY COUNSEL,<br><br>            Defendant.<br>                                                                 / | No. C 05-00317 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE, AND VACATING HEARING** |

On July 5, 2005, defendant filed a motion to dismiss and strike portions of plaintiff's Second Amended Complaint. The Court takes this motion under submission without oral argument pursuant to Local Rule 7-1(b). Having carefully considered the papers submitted, the Court hereby GRANTS the motion to dismiss and strike for the reasons set forth below.

**BACKGROUND**

This case arises out of plaintiff's employment with defendant, the Alameda County Office of County Counsel. Plaintiff alleges that defendant discriminated against her on the basis of her race and gender. Plaintiff is an African-American woman who was employed as a deputy county counsel from April 28, 2003 to July 30, 2004, when she was terminated. Specifically, she alleges that, when she was hired, defendant represented that she would be part of a newly organized litigation unit, but that she was primarily given assignments other than litigation, unlike her Caucasian and male counterparts. She alleges that she was paid less than male and Caucasian deputy attorneys, and that she was denied retroactive pay for more than six months, while such retroactive pay was given to a Caucasian female attorney. Plaintiff also alleges that her break time at work was "micro-managed" and that she was told that there was an office policy of not sending more than one attorney

to a conference at once, but this policy was not applied to Caucasian attorneys attending training conferences.

Plaintiff was laid off from work on July 30, 2004. She alleges that a Caucasian male laid off at the same time was given an opportunity to perform work on county cases for a law firm under contract with the County Counsel's office, while she was not offered this option. The County has invited her to return on a contract basis but offered her an hourly rate of $15.00 less than similarly situated Caucasian contract attorneys. In addition, plaintiff alleges that, during the period of her employment, her supervisor contracted out cases that she was qualified to handle, helping to create an "economic reason" for plaintiff's lay-off. According to the complaint, plaintiff advocated for fair employment practices and equal pay during the six months prior to her removal, and she alleges that her termination was in retaliation for these protected activities.

Plaintiff filed a timely charge with the United States Equal Opportunity Commission, which issued a right-to-sue notice. She also filed a government tort claim with the Alameda County Board of Supervisors on November 5, 2004, which was rejected on November 18, 2004. She filed this lawsuit on January 24, 2005. On June 7, 2005, the Court granted a motion by defendant to dismiss plaintiff's fifth and sixth claims without leave to amend, to dismiss the seventh claim (for intentional infliction of emotional distress) with leave to amend, and to strike references to Cal. Bus. & Profs. Code § 17200. On June 22, 2005, plaintiff filed a Second Amended Complaint.

In the Second Amended Complaint, plaintiff brings claims for race and gender discrimination under Title VII of the Civil Rights Act of 1964; retaliation under Title VII; wrongful termination in breach of public policy; and intentional infliction of emotional distress. She also adds several new allegations and requests for punitive damages that were not in her prior complaint.

Now before the Court is a motion by defendant to dismiss plaintiff's intentional infliction of emotional distress claim and to strike the references to punitive damages and the new allegations not specifically authorized by the Court's June 7, 2005 Order.

**LEGAL STANDARDS**

**1.    Motion to dismiss**

2

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. Fed. R. Civ. P. 12(b)(6) (2004). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. See Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. See United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F. 3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**2.     Motion to strike**

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions serve the function of "avoid[ing] the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation and internal quotation omitted). Rule 12(f) motions are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

**DISCUSSION**

**1.     Motion to dismiss**

Defendant seeks dismissal of plaintiff's Fifth Claim for intentional infliction of emotional distress. This

3

claim, which was the Seventh Claim in plaintiff's First Amended Complaint, was dismissed by the Court with leave to amend on June 7, 2005. In its prior order, the Court found that plaintiff had not pled sufficient facts establishing the County's liability for emotional distress damages under any statute, nor alleged the elements of emotional distress, specifically the extreme, outrageous conduct or severe emotional distress required. It granted plaintiff "leave to amend to plead facts – alleging both statutory liability and the elements of the tort – that would support this claim." June 7, 2005 Order at 6:5-6.

In her Second Amended Complaint, plaintiff adds several references to Title VII, alleging that defendant's conduct included "deliberate engaging in discriminatory conduct in violation of Title VII," thereby causing severe emotional distress. In addition, she alleges:

> Defendants engaged in conduct in failing to protect Plaintiff from being subjected to discrimination and retaliation, and other offensive conduct of Defendants described herein, and such violations of Title VII, which constitutes the egregious conduct element of this claim for relief, including such other wrongful conduct as herein alleged, Defendants abused their special position as Plaintiff's superiors, which vested them with substantial power to control Plaintiff's work environment and to damage Plaintiff's interest and well being. Through the outrageous conduct as described above, Defendants acted with intent to cause, or with reckless disregard for the probability of causing Plaintiff severe emotional distress.

Second Am. Compl. ¶ 66.

Defendant argues that this claim remains defective because (1) despite the references to Title VII, plaintiff has not set forth an adequate statutory basis for the claim; and (2) plaintiff has not alleged sufficient facts for this cause of action.

Under California law, where the defendant is a government entity, plaintiffs must specifically allege the statutory basis for liability, and must plead with particularity every fact essential to that statutory liability. See Cal. Gov. Code § 815; Forbes v. County of San Bernardino, 101 Cal. App. 4th 48, 53 (2002). Here, plaintiff references Title VII – under which she brings her First, Second, and Fourth Claims – in her intentional infliction of emotional distress claim, and defendant contends that Title VII cannot simultaneously serve as a separate cause of action and a statutory basis for the emotional distress claim. Defendant cites no specific authority for this argument, and the Court is aware of none. Nonetheless, even assuming that Title VII is an appropriate statutory basis for emotional distress liability, the Court finds that plaintiff has once again failed to plead sufficient facts for an intentional infliction of emotional distress claim. As before, she has not alleged any facts establishing outrageous conduct by defendant or severe emotional distress. While plaintiff correctly argues that

4

discrimination in employment may constitute the outrageous conduct in certain circumstances, her Second Amended Complaint contains only conclusory statements about defendant's conduct, not factual allegations of conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community," as this tort requires. Schlauch v. Hartford Acc. & Indem. Co., 146 Cal. App. 3d 926, 936 (1983). Therefore, defendant's motion to dismiss is GRANTED as to plaintiff's Fifth Claim.

Because plaintiff has already been given an opportunity to amend this claim, and has failed to plead sufficient facts a second time, the Court considers further amendment to be futile. The claim is DISMISSED without leave to amend.

## 2.     Motion to strike

Defendant asks the Court to strike references to punitive damages, which plaintiff has included for the first time in the Second Amended Complaint. In addition, defendant moves to strike the allegations in paragraphs 4 and 5; page 8:5-8; paragraphs 46, 52; and paragraph 60 at 9:18-21. In plaintiff's Opposition, she does not address defendant's motion to strike.

The Supreme Court has held that punitive damages may not be recovered against government entities like defendant. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Therefore, the references to punitive or exemplary damages, found in the Second Amended Complaint at 8:5-8 and 9:18-21, are hereby STRICKEN. In addition, the Court finds it appropriate to strike paragraphs 4, 5, 46, and 52 of the Second Amended Complaint as immaterial pursuant to Rule 12(f). Accordingly, the Court GRANTS defendant's motion to strike.

///

## CONCLUSION

For the foregoing reasons, and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss and strike. The hearing set for August 12, 2005 is VACATED. [Docket # 34]

**IT IS SO ORDERED.**

Dated: August 8, 2005

SUSAN ILLSTON
United States District Judge

*(signature: Susan Illston)*