IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE LIAS,<br><br>　　　　Plaintiff,<br>　　v.<br><br>COUNTY OF ALAMEDA CALIFORNIA,<br>OFFICE OF COUNTY COUNSEL,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | No. C 05-00317 SI<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES; MODIFYING MARCH 2, 2006 ORDER RE: DEFENDANT'S COST BILL; AND AWARDING DEFENDANT FULL AMOUNT SOUGHT IN JANUARY 17, 2006 COST BILL** |

Defendant County of Alameda California, Office of County Counsel has filed a motion for attorney's fees from plaintiff pursuant to 42. U.S.C. § 2000e-5(k). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for March 10, 2006. Having carefully considered the papers filed by the parties, the Court hereby DENIES defendant's motion. Based upon review of defendant's reply regarding attorney's fees, the Court also modifies the March 2, 2006 order regarding costs as set forth below.

**1.　　Attorney's Fees**

Title 42 U.S.C. § 2000e-5(k) allows a court, "in its discretion," to award a prevailing party "a reasonable attorney's fee (including expert fees) as part of the costs" in any action or proceeding under 42 U.S.C. §§ 2000e, *et seq*. "A district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Although summary judgment was granted to defendant, the Court does not find the plaintiff's claims were

1 "frivolous, unreasonable, or without foundation" within the meaning of the cases concerning attorney's
2 fees. The Court therefore DENIES defendant's motion for attorney's fees. (Docket No. 110).

**2.     Costs**

Defendant's reply to its motion for attorney's fees also addressed plaintiff's objections to the cost bill. Because the parties had originally briefed the attorney's fees and cost issues separately, the Court had not reviewed defendant's attorney's fees reply prior to issuing the March 2, 2006 order. Defendant's reply states that plaintiff cancelled her deposition the day before it was scheduled, and that defendant was required to expedite the deposition transcript in order to comply with the briefing schedule in place at the time. (According to defendant, the briefing schedule was subsequently modified at plaintiff's request.)

Accordingly, the Court finds that defendant has shown good cause to recover the costs associated with expediting the deposition transcript, and modifies the March 2, 2006 order to allow for those costs. Defendant is hereby awarded the full amount requested in the original bill of costs submitted on January 17, 2006.

**IT IS SO ORDERED.**

Dated: March 9, 2006

SUSAN ILLSTON
United States District Judge

2